THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LONG ISLAND RAILROAD COMPANY, Relator, *v.* THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE FIRST DISTRICT and OSCAR S. STRAUS and Others, as Commissioners, Constituting the Public Service Commission of the State of New York for the First District, Respondents.

First Department, February 1, 1918.

Railroads — right of railroad company, ordered by Public Service Commission to change and alter its lines, to allowance for expense of removing tracks and structures of other companies.

Where a railroad company, in order to make changes and alterations in its lines pursuant to a direction of the Public Service Commission under section 91 of the Railroad Law, is forced to shift and relocate the tracks of trolley .companies and the sub-surface structures of a gas company

and a water company, after unsuccessful efforts to come to an agreement with said companies, with the knowledge of the Public Service Commission which took no action therein, said railroad company is entitled to have the expense of relocating said tracks and sub-surface structures allowed and apportioned when the work was completed.

It is also entitled to an apportionment of the fees paid to corporation inspectors pursuant to section 391 of the Greater New York charter.

CERTIORARI issued out of the Supreme Court and attested on the 21st day of June, 1917, directed to the Public Service Commission of the State of New York for the First District and to the Commissioners thereof, commanding them to certify and return to the office of the clerk of the county of New York all and singular their proceedings had in allowing and apportioning certain expense connected with the elimination of a grade crossing.

*Alfred A. Gardner* of counsel [*Joseph F. Keany* with him on the brief], for the relator.

*Oliver C. Semple* of counsel [*Robert J. Farrington* with him on the brief; *William L. Ransom*, attorney], for the respondents.

*Edward J. Crummey* of counsel [*Cullen & Dykman*, attorneys], for the intervening relator, the Newtown Gas Company.

*Vincent Victory* of counsel [*William P. Burr, Corporation Counsel*], for the city of New York.

SCOTT, J.:

The relator has sued out a writ of certiorari for the purpose of reviewing an order of the Public Service Commission for the First District allowing and apportioning the expense incurred by said relator in complying with the order of said Commission for the elimination of a grade crossing. The objection made to the order is that the Commission has refused to allow and apportion certain items of expense concededly incurred by relator in and about carrying out the elimination order.

In the year 1911 the Public Service Commission, on its own initiative and pursuant to section 91 of the Railroad Law (Consol. Laws, chap. 49 [Laws of 1910, chap. 481], as amd.), ordered the relator to make such changes and alterations in its lines at the intersection of Metropolitan avenue

and Fresh Pond road as would eliminate and abolish the grade crossing at that point. In order to make these changes it became necessary to shift and relocate the tracks of two trolley railroad companies operating on the surface, as well as the sub-surface structures of the Newtown Gas Company, and the Citizens Water Supply Company. The cost of doing this work was borne by the relator, and amounted to $16,766.29, and no question is made as to its reasonableness. The Railroad Law (§ 94, as amd.) provides that the cost of making such a change of grade shall be borne in the proportion of fifty per cent by the railroad company, twenty-five per cent by the State and twenty-five per cent by the municipality within whose limits the change is made, and which in the present case is the city of New York. The expense is to be paid in the first instance by the railroad company, and at the conclusion and acceptance of the work an accounting is to be had before the Public Service Commission, when the amounts payable respectively by the railroad company, the State and the municipality are to be determined. All this has been done in the present case, but the Public Service Commission by the order referred to has refused to allow and apportion the above-mentioned sum of $16,766.29, leaving the relator to bear the whole of that expense.

It is conceded that the work for which this expense has been incurred was necessary to be done by someone in order that the required change of grade should be made, and no question is made either but that the relator actually incurred the expense or that the cost was reasonable. *Prima facie,* therefore, it would appear that the relator was entitled to have this expenditure allowed and apportioned as part of the expense of eliminating the grade crossing.

The Public Service Commission, however, undertakes to justify its order by the argument that the expense of doing the work, while necessary to be done in order to eliminate the grade crossing, should have been paid for by the trolley companies and the water and gas companies, and a somewhat elaborate argument is made with a view to showing that each of these companies was bound to, and could have been compelled to shift and relocate its own structures to meet the changed grade. It is not necessary to consider at length

468 People ex rel. L. I. R. R. Co. *v.* Pub. Serv. Comm.

First Department, February, 1918. [Vol. 181.

either that argument, or those holding an opposite view submitted by the relator and by certain intervenors. For the purposes of this appeal we assume that the several companies whose structures were interfered with could have been compelled by the exercise of proper authority to make the necessary shifting and relocation of those structures. (See *New Orleans Gas Co.* v. *Drainage Comm.*, 197 U. S. 453.) But the relator had no power to coerce the companies. That power, if it rested anywhere, rested with the Public Service Commission, and perhaps, so far as concerned the trolley companies, concurrently with the Commission and the board of estimate and apportionment. The record shows that relator made vigorous efforts to come to an agreement with the companies whose structures were to be dislodged and that the Public Service Commission had knowledge of these efforts, yet no action was taken by the Commission to exercise the authority which it now claims that it always possessed. The relator was, therefore, placed in this dilemma, that it must comply with the order of the Public Service Commission and in order to so comply the structures of the companies mentioned must be moved and relocated, yet it had no power or authority by any process known to the law to compel the companies themselves, at their own expense, to effect such shift and relocation. The only course left open to it was that which it adopted, viz., to arrange for the shift and relocation at its own expense, and seek an apportionment of such expense when the work was completed. As to the fees paid to corporation inspectors the expense seems also to have been necessary. In order to do the work it was necessary to open the streets for which a permit from the borough president was requisite. Section 391 of the Greater New York charter (Laws of 1901, chap. 466) authorizes the borough president to require payment of the estimated expense of inspection as a condition to granting such a permit. It may be that the engineers and inspectors of the Public Service Commission could, if required, have inspected the opening and closing of the street surface, but it does not appear that this was any part of their duty, and certainly the borough president was not bound to rely upon them.

The writ of certiorari must be sustained and the determina-

tion of the Commission in the particulars specified be set aside, with fifty dollars costs and disbursements to the relator, the matter being referred back to the Commission for the entry of an order in accordance with this opinion.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Writ sustained, determination of the Commission set aside and matter referred to the Commission as stated in opinion, with fifty dollars costs and disbursements to relator. Order to be settled on notice.